UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONNIE RAY | CIVIL ACTION |
| VERSUS | NO. 10-4021 |
| COASTAL CATERING, LLC | SECTION "H" (1) |

### ORDER & REASONS

Before the Court is a Motion for Summary Judgment (R. Doc. 32) filed by Defendant Coastal Catering, LLC. The Motion is GRANTED. As explained below, the Court finds that Plaintiff is not a seaman under the Jones Act and may not collect maintenance and cure from Defendant. Plaintiff concedes that he does not have a valid seaworthiness claim. Accordingly, Plaintiff's claims for unseaworthiness and for maintenance and cure are DISMISSED.

### BACKGROUND

Plaintiff Ronnie Ray alleges that he sustained injuries on July 20, 2010, while working as a cook aboard the FLOATING CITY. (R. Doc. 1.) The FLOATING CITY was a number of barges tied together that served as a staging area during clean up of the BP oil spill. (R. Doc. 32, Ex. A at 49.) Plaintiff alleges that he evacuated the FLOATING CITY because of a fire aboard one of the barges.

1

(R. Doc. 34.) He further alleges that he injured his neck and back while jumping from the barge to a vessel during the evacuation and that Defendant Coastal Catering, LLC ("Coastal Catering") operated the FLOATING CITY at the time of the accident. (R. Doc. 1.) Plaintiff has sued for negligence under the Jones Act, unseaworthiness of the vessel under general maritime law, and maintenance and cure. (*Id*.)

Coastal Catering is a catering company that contracts with various oilfield companies to provide contract labor to perform catering services on land, fixed platforms, and vessels. (R. Doc. 32, Ex. B at ¶ 5.) Plaintiff worked as a cook for Coastal Catering. (R. Doc. 32, Ex. A.) Coastal Catering assigns its employees to short-term assignments for various customers in various locations. (R. Doc. 32, Ex. B at ¶ 8.) Coastal Catering did not permanently assign Plaintiff to the FLOATING CITY or any other particular vessel, fleet of vessels, or particular customer. (*Id*. at ¶ 7.)

Defendant filed the current Motion on June 15, 2012. (R. Doc. 32.) Plaintiff filed his Response in Opposition on July 10, 2012 (R. Doc. 34), and Defendant filed its Reply on July 19, 2012 (R. Doc. 38). The Court held oral argument on the Motion on August 15, 2012, and took the Motion under submission at the time. For the following reasons, the Motion is granted.

## LEGAL STANDARD

Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(c) (2012). A genuine issue of fact exists only "[i]f the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the non-movant "[f]ails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial. *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted). "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

**LAW AND ANALYSIS**

Coastal Catering argues that Plaintiff is not a seaman under the Jones Act, 46 U.S.C.App. § 688, and that his claim for maintenance and cure should be dismissed. Coastal Catering further argues that Plaintiff does not have a seaworthiness claim against it because it was not the vessel owner. As Plaintiff concedes that he does not have an unseaworthiness claim against Coastal Catering, this Court focuses on whether Plaintiff was a Jones Act seaman. Ray argues that this Court's analysis of his seaman status is limited to the twenty-four hours that he worked on the FLOATING CITY prior to his accident. Coastal Catering, on the other hand, argues that Ray's work history from 2006 to 2008 is indicative of the work he was hired in 2010 to perform and urges the Court to consider the full circumstances of Ray's employment. The Court finds that Plaintiff was not a Jones Act seaman and accordingly dismisses Plaintiff's claim for maintenance and cure.

"The Jones Act provides a cause of action in negligence for 'any seaman' injured 'in the course of his employment.'" *Chandris, Inc. v. Latsis*, 515 U.S. 347, 354 (1995) (quoting 46 U.S.C.App. § 688(a)). The Jones Act provides heightened legal protections to seamen because of their exposure to the inherent dangers of the high seas and was intended to provide remedial protections to sea-based maritime workers. *Id*. The Act, however, does not provide a definition of a "seaman." *Id*. at 355. Our higher Courts have provided the principles upon which this Court

can determine the status of those the Act is designed to protect. "The seaman inquiry is a mixed question of law and fact, and it is often inappropriate to take the question from the jury. Nevertheless, summary judgment or a directed verdict is mandated where the facts and law will reasonably support only one conclusion." *Harbor Tug and Barge Co. v. Papai*, 520 U.S. 548, 554 (1997) (internal citations omitted). The burden is on the plaintiff to establish his status as a seaman. *Becker v. Tidewater, Inc.*, 335 F.3d 376, 390 (5th Cir. 2002).

"The essential elements for seaman status are twofold." *Chandris*, 515 U.S. at 368. First, an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission. *Id*. Second, a seaman must have a connection to a vessel in navigation or to an identifiable group of such vessels that is substantial in terms of both its duration and its nature. *Id.* The parties agree that Ray meets the first element for seaman status. Ray served as a cook to the vessel and contributed to the function of the barges that comprised the FLOATING CITY and the accomplishment of its mission. Accordingly, the substance of the Motion before the Court is whether or not Ray meets the second element required for seaman status, that is did Ray have a connection to a vessel in navigation or to an identifiable group of such vessels that was substantial both in duration and nature. The Court finds that Ray did not have such a connection.

One fundamental purpose of the substantial connection requirement is "[t]o separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only a transitory or sporadic connection to a vessel in navigation . . . ." *Chandris*,

5

515 U.S. at 368.  Ultimately, the question for the Court "[i]s whether the worker in question is a member of the vessel's crew or simply a land-based employee who happens to be working on a vessel at a given time." *Id.* at 370.  As a general rule of thumb, "[a] worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." *Id.* at 371.  Although this time need not be spent on one particular vessel, it must be spent at least on vessels that are subject to common ownership or control.  *Papai*, 520 U.S. at 557.

When an employee takes a lengthy hiatus in employment and later returns to work for his previous employer, the employment at the time of the plaintiff's injury is the relevant time for the court to consider.  *See Abram v. Nabors Offshore Corp.*, 439 Fed. Appx. 347, 348 (5th Cir. 2011).  The inquiry, however, is not a "snap-shot" test that considers "[o]nly the situation as it exists at the instance of the injury."  *Chandris*, 515 U.S. at 363 (internal citations omitted).  Instead, the jurisprudence contemplates a more enduring relationship.  *Id*. (internal citations omitted).  Accordingly, to determine whether a plaintiff is a Jones Act seaman, a court must weigh the totality of the circumstances of the worker's employment. *Chandris*, 515 U.S. at 370.

Plaintiff has not met his burden of establishing that he is a Jones Act seaman.  Ray previously worked for Coastal Catering from 2006-2008.  During that time, he worked for various customers upon various land based facilities, platforms and vessels.  (R. Doc. 32, Ex. B at ¶ 16.)  It is well established that Ray lacked a connection to a vessel or identifiable group of vessels during

that time and therefore did not meet the criteria for seaman status during his initial stint with Coastal Catering. (*See id*.) Coastal Catering further submits evidence that none of their employees are permanently assigned to any vessels or identifiable fleets of vessels. (*Id*. at ¶ 6.) In fact, Coastal Catering unequivocally shows that their employees are assigned for short-term assignments on various land-based facilities, platforms, and vessels. (*Id*. at ¶ 8.) The evidence also shows that Ray was re-hired to the same position that he held from 2006-2008.

Although Ray argues that the Court should consider only the twenty-four hours of his employment prior to the accident, the Court finds that this argument is without merit.  While the Court does find that Ray was a new hire, this Court must weigh the "totality of the circumstances" of the position for which he was hired.  While it is true that his "new hire" status requires the Court to focus only on the obligations and responsibilities of his new position, the Court cannot disregard the complete circumstances of Ray's employment in favor of a "snap-shot" view of the day of Ray's accident.  The established facts show that the new position for which Ray was hired was a position comprised of short-term assignments in various locations, including in land-based facilities, on platforms, and on vessels.  Accordingly, Ray lacks the temporal connection to a vessel or identifiable fleet of vessels in navigation that *Chandris* and its progeny require.

## CONCLUSION

Defendant Coastal Catering's Motion for Summary Judgment is granted. Plaintiff concedes that he does not have an unseaworthiness claim against Coastal Catering, and that claim is

dismissed.  The Court also dismisses Plaintiff's claim for maintenance and cure, as Plaintiff has failed to meet his burden of establishing that he was a Jones Act seaman at the time he incurred his injury.

New Orleans, Louisiana, this 19th day of September, 2012.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT COURT JUDGE